**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN E. GRADY,

       Plaintiff,                          Case No. 18-cv-11377

       v.                                  District Judge Gershwin A. Drain

COMMISSIONER OF                  Magistrate Judge Mona K. Majzoub
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff John E. Grady seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 14). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.  RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 14) be **GRANTED**, and that the case be dismissed in its entirety.

## II. PROCEDURAL HISTORY

Plaintiff applied for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on July 10, 2015, alleging that he has been disabled since September 30, 2014. (TR 205–214.) The Social Security Administration initially denied Plaintiff's claims on November 16, 2015. (TR 100–133.) On June 8, 2017, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") James Kent. (TR 34–51.)

On September 25, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 15–31.) Plaintiff requested review by the Appeals Council, which was denied on March 14, 2018. (TR 1–3.) On May 2, 2018, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 11; docket no. 14.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues. (Docket no. 11, pp. 4–10.) In addition, the ALJ summarized Plaintiff's medical record (TR 13–20), and Defendant adopted the ALJ's recitation of the facts (docket no. 14, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2017. (TR 13.) The ALJ found that Plaintiff engaged in

substantial gainful activity between October and December of 2015, but that there had been a continuous twelve-month period during which Plaintiff did not engage in substantial gainful activity. (*Id.*) In addition, the ALJ found that Plaintiff had the following severe impairments: "Hepatitis C, status post traumatic right lower extremity injuries, anxiety, panic disorder, adjustment disorder with depressed mood, cannabis use disorder, and opiate use disorder." (*Id.*) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 14.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), subject to the following non-exertional limitations:

- Plaintiff can never climb ladders, ropes, or scaffolds.
- Plaintiff can occasionally balance, kneel, stoop, crouch, crawl, and climb ramps and stairs.
- Plaintiff can occasionally push, pull and operate foot controls with his right lower extremity.
- Plaintiff must avoid concentrated exposure to extreme cold and vibration.
- Plaintiff must avoid all exposure to hazards, such as unprotected heights and moving machinery.
- Plaintiff can perform simple, routine, and repetitive tasks.
- Plaintiff cannot work at a production rate pace and can tolerate few, if any, changes in the work setting.

(TR 16.) Based on this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of jobs that exist in significant numbers in the national economy, including Kitchen Helper (DOT 318.687-010), Marker (DOT 209.587-034), and Hand Packager (DOT 753.687-038). (TR 21.)

Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since the alleged onset date. (*Id.*)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the

4

decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.     Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)   Plaintiff was not presently engaged in substantial gainful employment; and

(2)   Plaintiff suffered from a severe impairment; and

(3)   the impairment met or was medically equal to a "listed impairment;" or

(4)   Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

Plaintiff contends that the ALJ erred by determining that Plaintiff's statements concerning the intensity, persistence and limiting effects of his impairments were "not entirely consistent with the medical evidence and other evidence in the record." (Docket no. 11, pp. 19–20.) In addition, Plaintiff contends that the case should be remanded for consideration of the records of his July 27, 2017 knee surgery, which occurred after the hearing but before the ALJ's decision. (*Id*. at 16–18.)

#### 1. *Evaluation of Plaintiff's Testimony*

Plaintiff objects to the ALJ's evaluation of his testimony regarding the limiting effects of his symptoms.

When a claimant has a medically determinable impairment(s) that could reasonably be expected to produce the symptoms he describes, the ALJ must then evaluate the intensity and persistence of those symptoms so that she can determine how the claimant's symptoms limit his capacity for work. 20 C.F.R. § 404.1529. In evaluating the intensity and persistence of the symptoms, the ALJ considers objective medical evidence and other factors including the claimant's daily activities and course of treatment. *Id.*

Plaintiff testified that "due to several operations on his right lower extremity, [he] has limited use of his legs, requiring him to lay flat several times per day for 20-30 minutes each time to alleviate the pain." (TR 17.) Plaintiff also alleged "that he could only lift 20 pounds one time, but not all day[,] that he could walk approximately 100 yards before stopping, stand for 10-20 minutes before sitting, and [that he] could sit for only about 10 minutes before needing to stand." (*Id.*) The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other

6

evidence in the record." (*Id.*) As discussed below, substantial evidence supports the ALJ's determination.

### a. Objective Medical Evidence

In May of 2014, Plaintiff underwent an MRI of his right knee which showed mild arthritis and a "small para-meniscal cyst." (TR 288–290.) Throughout 2014, Plaintiff complained of knee pain to Dr. Timur Baruti but displayed "normal gait and station." (TR 300, 301, 303, 305, 306, 308, 310.) In February of 2015, Plaintiff visited an emergency room seeking medication for knee pain. (TR 329–331.) When informed that he would not be prescribed certain medications, he left against medical advice and, upon leaving, was observed to have "a steady gait." (*Id.*) During a consultative examination in October of 2015, Dr. Molly Rossknecht observed that Plaintiff walked with a "moderate limp on his right side" but "ambulate[d] without assistance." (TR 337.) The ALJ reasonably concluded that these findings conflicted with Plaintiff's self-reported limitations.

### b. Substantial Gainful Activity in 2014 and Unemployment in 2015

Plaintiff performed substantial gainful activity through the end of 2014, which was beyond the alleged onset date of September 30, 2014. (TR 215.) In addition, Plaintiff received unemployment benefits from the State of Michigan for approximately six months in 2015. (TR 37–38.) Plaintiff acknowledged that he was able to work during this period. (TR 38.) This evidence supports the ALJ's determination that Plaintiff's impairments were less severe than he claimed during the relevant period.

### c. Gap in Treatment

The ALJ observed that Plaintiff "present[ed] no medical evidence from the time of the consultative examination in October 2015 until March 2017." (TR 18.) Plaintiff argues that he "lacked both income and health insurance during most of that period which explains the lack of

7

medical treatment." (Docket no. 11, p. 16.) In general, the ALJ should not penalize a claimant for being unable to afford treatment. *See Titles II & XVI: Failure to Follow Prescribed Treatment*, SSR 82-59 (S.S.A. 1982). In the present case, however, the ALJ's reference to the gap in treatment indicates only that he had no way to determine whether Plaintiff's condition changed since before that period. The ALJ reasonably relied on this factor.

### d. Opinion Evidence

The ALJ also relied on medical opinion evidence that contradicted Plaintiff's testimony regarding his limitations. The ALJ gave "great weight" to the opinion of Robin Mika, DO, the state agency medical consultant. (TR 19.) Dr. Mika opined that Plaintiff was limited to light work, with additional postural limitations corresponding to the ALJ's RFC. (TR 67–94.) In addition, the ALJ noted a lack of opinions from Plaintiff's treating doctors that would support his subjective statements. (TR 19.) This evidence supports the ALJ's determination that Plaintiff's self-reported limitations were not entirely consistent with the medical evidence and other evidence in the record.

### 2. *Record of Post-Hearing Surgery*

Plaintiff contends that the Court should remand this matter for consideration of the records of his July 2017 knee replacement surgery, which were not available during the June 2017 hearing before the ALJ. (Docket no. 11, pp. 16–18.) Plaintiff submitted the surgery records to the Appeals Council, which concluded that the new evidence "d[id] not show a reasonable probability that it would change the outcome of the decision." (TR 2, 29–32.)

To warrant a remand for consideration of evidence submitted after the ALJ's decision, a claimant must show that the evidence is new and material, and that there was good cause for failing to present it earlier in the proceedings. 42 U.S.C. § 405(g). Evidence is material only where there is "a reasonable probability that the Secretary would have reached a different disposition of the

disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

On review of the ALJ's decision, the Court should find that the surgery records do not have a "reasonable probability" of changing the ALJ's determination that Plaintiff was not under a disability during the relevant period.

At the time of the decision, the evidentiary record contained a note from the DMC Sports Medicine department that Plaintiff was scheduled to have right "total knee" surgery on July 27, 2017. (TR 362–64.) The ALJ acknowledged that Plaintiff intended to have surgery but noted a lack of records "pertaining to this procedure *or the reasoning behind it*." (TR 18 (emphasis added).) In effect, the ALJ concluded that the mere fact of having knee surgery, without accompanying medical reasoning, did not compel additional functional limitations.

The records of Plaintiff's knee surgery are concise technical. (TR 29–32.) Plaintiff's surgeon diagnoses him with "post-traumatic osteoarthritis" and "right knee pain" that had "failed all nonoperative treatment." (*Id.*) But the records do not address Plaintiff's functional capabilities either before or after the surgery. (*Id.*) Accordingly, the surgery notes would add little to the pre-hearing record and do not have a "substantial likelihood" of changing the ALJ's decision.

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 14) be **GRANTED**, and that the case dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided

for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 2, 2019          s/Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 2, 2019          s/Sandra Osorio
                             Acting Case Manager