UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN E. GRADY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____/

Case No. 18-cv-11377

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER OVERRULING PLAINTIFF'S OBJECTION [#17] AND ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#16] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#11] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#14]**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff John Grady's appeal of the social security commissioner's decision to deny him Social Security Disability benefits. Plaintiff is a forty six year old man who worked as a dump truck driver and diesel mechanic helper before his alleged disability. Dkt. No. 11, pg. 5 (Pg. ID 402). Plaintiff alleged disability from Hepatitis, right leg pain, bipolar disease, depression, anxiety, and addiction to medication. *Id.*

Plaintiff filed an application for Social Security Disability benefits and an application for Supplemental Security Income on July 10, 2015. Dkt. No. 11, pg. 4

1

(Pg. ID 401). Plaintiff's initial application was denied and he filed an appeal and requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ determined that Plaintiff has the following severe impairments: Hepatitis C, status post traumatic right lower extremity injuries, anxiety, panic disorder, adjustment disorder with depressed mood, cannabis use disorder, and opiate use disorder. Dkt. No. 9-2, pg. 15 (Pg. ID 40). However, the ALJ concluded that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in part four of the sequential analysis of the statute. *Id.* The ALJ found that Plaintiff did not have an extreme limitation on his ability to walk. *Id.* He reasoned that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were inconsistent with his medical records, which suggested that Plaintiff's impairments were mild. *Id.* at pg. 18 (Pg. ID 43).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work, except: Plaintiff cannot climb ladders, ropes, or scaffolds; he can occasionally balance, kneel, stoop, crouch, crawl, and climb ramps and stairs; and he can occasionally push, pull, and operate foot controls with his right lower extremity. *Id.* at pg. 17 (Pg. ID 42). The ALJ stated that Plaintiff can perform simple, routine, and repetitive tasks. *Id.* However, Plaintiff cannot work at a production rate pace and must avoid all exposure to hazards like unprotected heights

and moving machinery. *Id.* The ALJ noted that Plaintiff was scheduled for a total knee replacement surgery in July of 2017. *Id.* at pg. 19 (Pg. ID 44). However, the ALJ stated that there were no records about the procedure or the reasoning behind it in the medical records. *Id.*

The ALJ concluded that Plaintiff could perform any past relevant work; but Plaintiff could perform jobs that exist in significant numbers in the national economy, such as: kitchen helper, marker, and hand packager. *Id.* at pg. 22 (Pg. ID 47). Therefore, the ALJ denied Plaintiff's application on September 25, 2017. *Id.*

After Plaintiff's hearing before the ALJ, but before the ALJ issued his decision, Plaintiff underwent his scheduled knee surgery in July of 2017. Plaintiff then submitted a letter from his representative and a report of the knee surgery to the Appeals Council. *Id.* On October 7, 2017, Plaintiff requested the Appeals Council to review the ALJ's unfavorable decision. *Id.* The Appeals Council refused to consider the evidence and did not file it. *Id.* On March 14, 2018, the Appeals Council also refused to review the ALJ's unfavorable decision. *Id.*

Plaintiff filed his appeal with this Court on May 2, 2018. Dkt. No. 1. On that same day, this Court referred the case to Magistrate Judge Mona Majzoub. Dkt. No. 3. On August 27, 2018, Plaintiff filed his Motion for Summary Judgment. Dkt. No. 11. Plaintiff's Motion argued that the Appeals Council should have accepted his knee surgery report and that the ALJ's credibility determination was not supported

by substantial evidence. *Id.* at pg. 11 (Pg. ID 408). On November 28, 2018, Defendant filed his Motion for Summary Judgment. Dkt. No. 14. In his Motion, Defendant stated that the decision to deny benefits was supported by substantial evidence in the record. *Id.* at pg. 1 (Pg. ID 428).

On July 2, 2019, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") recommending that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. Dkt. No. 16. On July 15, 2019, Plaintiff filed an Objection to the Report and Recommendation, stating that the magistrate judge misjudged the reliability of his testimony about his symptoms and arguing that if the Appeals Council considered his knee surgery report, it would have resulted in a favorable disability decision. Dkt. No. 17. Defendant responded to the Objection on July 25, 2019, stating that the magistrate judge properly considered Plaintiff's subjective complaints and that Plaintiff's knee surgery report would not have provided new and material evidence requiring remand. Dkt. No. 18.

## II. ANALYSIS

This Court employs "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However,

4

when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. U.S.*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the Plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient.").

1. Objection One

Plaintiff's first objection states that the magistrate judge incorrectly assessed the reliability of his testimony. Dkt. No. 17, pg. 3 (Pg. ID 469). Plaintiff states that the magistrate incorrectly evaluated the objective medical evidence of examining physicians; improperly considered Plaintiff's unemployment payments; improperly considered Plaintiff's two-year gap in medical treatment; and incorrectly weighed the opinion evidence of non-examining doctors. *Id.*

   a. Objective Medical Evidence

First, Plaintiff asserts that the magistrate judge incorrectly evaluated the objective medical evidence. Dkt. No. 17, pg. 3 (Pg. ID 469). Plaintiff cites to the examination reports of Dr. Timur Baruti and Dr. Molly Rossknecht for this assertion.

On September 29, 2014, Dr. Timur Baruti, M.D., examined Plaintiff. Dkt. No. 9-7, pgs. 16–19 (Pg. ID 329–332). Dr. Baruti's report states that Plaintiff had right

5

leg and right knee pain. *Id.* at pg. 17 (Pg. ID 330). Dr. Baruti completed a physical exam on Plaintiff and reported that Plaintiff suffered from musculoskeletal tenderness, right side upper back muscle tenderness, right knee tenderness, some laxity, significant right tibia scarring, and a meniscus tear in his right knee, among other things. *Id.* at pg. 18 (Pg. ID 331). The report also states that Plaintiff had normal gait and station. *Id.* The doctor assessed Plaintiff to have chronic pain syndrome, a tear of the meniscus of the knee, and chronic anxiety. *Id.* Plaintiff's prior and subsequent evaluations from Dr. Baruti state a similar diagnosis of knee pain, musculoskeletal tenderness, and normal gait and station. *See Id.* at pgs. 19– 32 (Pg. ID 332–345). Dr. Baruti did not opine on Plaintiff's work limitations due to his physical impairments.

On October 12, 2015, Molly Rossknecht, D.O., examined Plaintiff. Dkt. No. 9-8, pgs. 24–27 (Pg. ID 369–372). The report states that Plaintiff "ambulates without assistance . . . [h]e stopped [work] due to his ongoing right leg and knee pain . . . [h]e is able to care for himself, go grocery shopping and do housework. He is unable to . . . [run]. He can sit for approximately fifteen minutes at a time before he needs to get up and get around because his right knee will lock up." *Id.* at pg. 25 (Pg. ID 370). The report further notes that Plaintiff "has decreased range of motion about his right knee and right ankle . . . [and] tenderness to palpation about his lumbar spine." *Id.* at pg. 26 (Pg. ID 371). Dr. Rossknecht concluded that Plaintiff has a "[h]istory

6

of multiple fractures to the right lower extremity with a total of four surgeries for his patella and tibia fibula repair . . . [h]e . . . encounter[ed] moderate difficulty performing tasks . . . secondary to right lower extremity pain. . . . He has full motor strength in all four extremities. He had decreased range of motion about his right knee and right ankle. He had a moderate right-sided limp and did not use an assistive device to help him ambulate. He did have swelling in his right lower extremity." Dr. Rossknecht stated that Plaintiff should continue to take his pain medication and follow up with his primary care physician as needed. *Id.* Dr. Rossknecht did not opine about how Plaintiff's physical impairments would impact his ability to work or opine about Plaintiff's disability status.

Plaintiff argues that the evaluations of Dr. Baruti and Dr. Rossknecht support Plaintiff's subjective complaints of pain and the magistrate erred in incorrectly considering this objective medical evidence. The magistrate judge reviewed the reports of Dr. Baruti and Dr. Rossknecht. Dkt. No. 16, pg. 7 (Pg. ID 463). However, the magistrate concluded that Dr. Baruti consistently stated that Plaintiff displayed normal gait and station throughout his exams in 2014. *Id.* Dr. Rossknecht observed that Plaintiff walked with a moderate limp but ambulated without assistance. *Id.* The magistrate judge also noted that Plaintiff was observed to have a steady gait when leaving the hospital on one occasion in February of 2015. *Id.* For these reasons, the

magistrate judge found that the ALJ reasonably concluded that the Plaintiff's self-reported limitations conflicted with the record. *Id.*

Upon review of the record, the Court concludes that the magistrate judge did not err. Dr. Baruti's reports consistently state that Plaintiff suffers from right leg pain, right knee pain, and tenderness in his right knee. Dkt. No. 9-7, pgs. 16– 32 (Pg. ID 330–345). However, the reports also consistently state that Plaintiff walks with a normal gait and station. *Id.* The reports prescribe pain medication to Plaintiff for his chronic pain syndrome, but do not opine about how Plaintiff's physical impairments may affect his ability to work. *Id.* Similarly, Dr. Rossknecht's report stated that Plaintiff did not ambulate when he walked and that he should continue to take his medication and see his primary care physician as necessary. However, Dr. Rossknecht's report fails to opine on Plaintiff's work limitations. For these reasons, the Court finds that Magistrate Judge Majzoub's conclusion that the medical record conflicted with Plaintiff's self-reported limitations was not error.

b. Substantial Gainful Activity and Unemployment

Magistrate Judge Majzoub stated in her R&R that Plaintiff received unemployment benefits for approximately six months in 2015. Dkt. No. 16, pg. 7 (Pg. ID 463). The magistrate judge noted that Plaintiff was required to acknowledge his ability to work during that period in order to obtain unemployment benefits. *Id.* Therefore, the R&R concluded that this evidence supported the ALJ's determination

that Plaintiff's impairments were less severe than he claimed they were during the relevant time period. *Id.*

Plaintiff's Objection notes that he received unemployment payments in the first three quarters of 2015 in very small amounts. Dkt. No. 17, pg. 4 (Pg. ID 470). Plaintiff asserts that if he was not able to work due to disability at this time, but received unemployment as though he could work, he will pay back his unemployment payments if he is found to be disabled. *Id.* at pg. 5 (Pg. ID 471). This acknowledgement by Plaintiff is, in effect, not an actual objection to the magistrate judge's conclusion. Plaintiff agrees with the magistrate judge's assessment that Plaintiff stated he was able to work in 2015 in order to receive unemployment benefits. However, Plaintiff attempts to reconcile the contradiction in his subjective statements of work ability by stating that he will pay back any unemployment benefits he received in 2015 if he is found to be disabled. Because Plaintiff's Objection Two fails to state an actual objection to the magistrate judge's conclusion, this Court will overrule this objection.

    c. Gap in Treatment

Next, Plaintiff states that Magistrate Judge Majzoub erred when she predicted what the ALJ meant by his reference to Plaintiff's two-year gap in treatment from 2015 to 2017. Dkt. No. 17, pg. 5 (Pg. ID 471). Plaintiff asserts that he did not receive treatment for two years because he could not afford it. Dkt. No. 11, pg. 19 (Pg. ID

416). The R&R states that an ALJ should not penalize a claimant for being unable to afford treatment, but it concludes that the ALJ referenced Plaintiff's gap in treatment to support the proposition that the ALJ had no way to determine whether Plaintiff's condition changed since before that period. *Id.* Plaintiff contends that the ALJ cited the two-year gap in order to support his conclusion that Plaintiff's self-reported physical limitations were inconsistent with the medical evidence. *Id.* The ALJ opinion states:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the medical records of evidence suggest the claimant's impairments are mild in nature. Additionally, the claimant presented no evidence from his treating doctors from February 2015 through March 2017.

Dkt No. 9-2, pg. 18 (Pg. ID 43). On the next page, the ALJ opinion also notes, while summarizing Plaintiff's medical history, that "[t]he claimant presents no medical evidence from the time of the consultative examination in October 2015 until March 2017. *Id.* at pg. 19 (Pg. ID 44). The ALJ noted that Plaintiff's self-reported physical limitations were inconsistent with the medical records. Immediately after this observation, the ALJ stated that Plaintiff presented no medical evidence from treating doctors for two years.

Both the Plaintiff and the magistrate judge present plausible interpretations of the ALJ's reference to Plaintiff's two-year gap in medical treatment. It would be impractical for this Court to predict how the ALJ interpreted Plaintiff's gap in

treatment. However, assuming that the ALJ cited Plaintiff's gap in treatment as Plaintiff suggests, this Court finds that this alone is not enough to overrule Magistrate Judge Majzoub's R&R. The ALJ referenced Plaintiff's two-year gap in medical treatment in two sentences of a twelve-page decision. The ALJ does not fully discuss Plaintiff's gap in treatment nor give it great importance in his analysis of Plaintiff's case. Instead, the ALJ focused on other factors, such as Plaintiff's hospitalization records, test reports, and the reports from physicians who opined on Plaintiff's physical limitations.

Therefore, the Court concludes that even if the ALJ used Plaintiff's two-year gap in treatment in order to conclude that he was not in pain during that time period, it was not determinative of the ALJ's conclusion that Plaintiff is not disabled. At most, it would have been a small factor in the ALJ's overall conclusion. For this reason, the Court will overrule this objection.

    d. Opinion Evidence

Fourth, Plaintiff argues that Magistrate Judge Majzoub erred in reciting the ALJ's reliance on the opinions of non-examining doctors who only saw part of his medical record. Dkt. No. 17, pg. 5 (Pg. ID 471).

The ALJ's opinion stated that he gave great weight to the medical opinions of Dr. Craig Brown, EdD, a consultative examiner, Dr. Rom Kriauciunas, PhD, and Dr. Robin Mika, D.O. Dkt. No. 9-2, pg. 20 (Pg. ID 45). Dr. Brown examined Plaintiff

in October of 2015 and opined that he was able to perform simple, repetitive tasks, but may have difficulty withstanding the stress and pressure of day-to-day activities. *Id.* Dr. Kriauciunas did not treat or examine Plaintiff—he reviewed Plaintiff's medical record and opined that the Plaintiff could perform simple, low-stress, unskilled work on a sustained basis. *Id.* Dr. Mika is the state Disability Determination Services medical consultant. *Id.* Dr. Mika did not treat or examine Plaintiff, but reviewed his medical record. The doctor opined that Plaintiff was limited to light work with postural limitations. *Id.* Dr. Mika also limited Plaintiff to never climbing ladders, rope, or scaffolds, and only occasional balancing, kneeling, crouching, and crawling, and frequent stooping. *Id.*

First, the Court notes that Dr. Kriauciunas did examine Plaintiff; however, he was not one of Plaintiff's treating physicians. However, Plaintiff's treating physicians—Dr. Baruti and Dr. Rossknecht—did not opine on Plaintiff's work limitations. Therefore, the ALJ looked to medical opinions from the doctors who did opine on Plaintiff's physical work limitations that also appeared to be consistent with the medical record. As determined above, the medical record contained reports from Drs. Baruti and Rossknecht stating that Plaintiff walked with a normal gait and could ambulate without assistance, suggesting that his physical limitations were not severe. The ALJ therefore gave great weight to the opinions of other physicians who opined

on Plaintiff's physical limitations to work, and these other physicians' reports were consistent with Dr. Baruti and Dr. Rossknecht's medical reports.

The Court concludes that based on the lack of opinions from Plaintiff's treating physicians and the consistency of Dr. Brown, Dr. Kriauciunas, and Dr. Mika's opinions with the rest of the medical record, that the magistrate judge did not err in her recitation of these medical opinions. The Court will overrule this objection.

2. Objection Two

Plaintiff's second objection states that had the Appeals Council considered his knee surgery record, his credibility about his pain and knee limitation would have carried "a great deal more weight with the ALJ." Dkt. No. 17, pg. 6 (Pg. ID 472). The Court notes that Plaintiff's second objection repeats the same argument brought in his Motion for Summary Judgment. *See* Dkt. No. 11, pg. 16 (Pg. ID 413) (arguing that the Appeals council should have accepted the report of Plaintiff's knee surgery because it would have affected the ALJ's determination of the severity of Plaintiff's knee injury). Magistrate Judge Majzoub considered this argument in her Report and Recommendation. Dkt. No. 16, pg. 8 (Pg. ID 464). The magistrate judge reasoned that the surgery records did not have a reasonable probability of changing the ALJ's determination that Plaintiff was not disabled. *Id.* at pg. 9 (Pg. ID 465).

The R&R stated that the ALJ was aware of Plaintiff's scheduled knee surgery because he addressed it in his decision. *Id.* However, the ALJ noted that the record

lacked specific information about what the procedure was or why it was being performed. *Id.* The magistrate judge reviewed the knee surgery report and concluded that the report likewise did not address Plaintiff's functional abilities before or after the surgery. *Id.* Therefore, the R&R concluded that the knee surgery report would add little to the pre-hearing record and did not have a substantial likelihood of changing the ALJ's decision. *Id.*

In order for this Court to remand this matter for the ALJ to consider Plaintiff's knee surgery report, Plaintiff must show that the new evidence is material and that there was good cause for failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g). Evidence is material where there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim is presented with the new evidence." *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

The Court has reviewed the magistrate judge's R&R and Plaintiff's knee surgery report and finds that the R&R reached the correct conclusion. The knee surgery report states that Plaintiff was being treated for right knee pain. However, the report does not offer further detail about the extent of Plaintiff's knee pain. The report is primarily a technical document that describes how medical staff performed Plaintiff's surgery. The report also does not contain any information about Plaintiff's knee pain or prognosis post-surgery. For these reasons, the Court concludes that

consideration of the knee surgery report is not material and will overrule Plaintiff's second objection.

### III. CONCLUSION

Upon review of the parties' briefing and the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge reached the correct conclusion. Accordingly, Plaintiff's objection [#17] is OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Majzoub's July 2, 2019 Report and Recommendation [#16] DENYING Plaintiff's Motion for Summary Judgment [#11] and GRANTING Defendant's Motion for Summary Judgment [#14].

SO ORDERED.

Dated: September 5, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 5, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager